**Michelle NURNBERG, Plaintiff–Appellant,**

v.

**Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Huntsville, TX; Unknown Texas Department of Criminal Justice Inmate Trust Fund Officials; Unknown Texas Department of Criminal Justice Hobby Unit Mailroom Officials, Defendants–Appellees.**

No. 04–50769.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 16, 2005.

Michelle Rose Nurnberg, Gatesville, TX, pro se.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Michelle Nurnberg, Texas prisoner # 1049233, has filed a motion to proceed in forma pauperis (IFP) on appeal from the dismissal of her action under 42 U.S.C. § 1983. The district court denied Nurnberg's motion to appeal IFP and certified that the appeal was not taken in good faith.

By moving to proceed IFP, Nurnberg is challenging the district court's certification. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). Because the merits of Nurnberg's appeal are "inextricably intertwined" with the district court's certification that the appeal was not taken in good faith, we determine both issues, denying IFP and dismissing the appeal. *See id.*

By Nurnberg's own admission, she was aware of both her alleged injury and its causal connection to the defendants in January 2002. Accordingly, Nurnberg's lawsuit, filed in late February 2004, was time-barred. *Rodriguez v. Holmes,* 963 F.2d 799, 803 (5th Cir.1992). Nurnberg fails to present any valid basis for tolling of the limitations period. Under these circumstances, the district court did not err in dismissing Nurnberg's complaint for failure to state a claim. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Nurnberg's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Nurnberg's complaint for failure to state a claim, and the dismissal of this appeal as frivolous, both count as strikes under 28 U.S.C. § 1915(g). *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Nurnberg is CAUTIONED that if she accumulates three strikes, she will no longer be allowed to proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.